# GORSKI & KNOWLTON PC

COUNSELORS AT LAW

CAROL L. KNOWLTON †
ALLEN I. GORSKI †

311 WHITEHORSE AVENUE
SUITE A
HAMILTON, NEW JERSEY 08610

Telephone:
(609) 964-4000
Fax:
(609) 585-2553

† NJ AND PA BAR

WRITER'S EMAIL: CKNOWLTON@GORSKIKNOWLTON.COM

January 21, 2019

***Via ECF and email only***

Honorable Christine M. Gravelle, U.S.B.J.
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608

RE:  Debtor Estate of Robert Bongiorno
     Case #18-16626-CMG

Dear Judge Gravelle:

This office represents Joseph and Joan Bongiorno, creditors in the above-referenced matter. Please accept this letter in lieu of a more formal memorandum of law in support of the Bongiornos' motion for authorization to file a late Proof of Claim.

The seminal case setting forth the standards a party seeking to file a late claim must meet is <u>Pioneer Investment Services Company v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In determining whether a creditor has demonstrated excusable neglect in failing to file a timely claim, the following factors should be considered: "… the danger of prejudice to the Debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Id</u>. 507 U.S. 395.

In the case presently under consideration, the movants did not learn of the bankruptcy until after the deadline, so they had no control over the delay. There is no danger of prejudice to the Debtor in that the Debtor acknowledges that he owes money to the movants. The potential impact on judicial proceedings is negligible as the status of the case remains in its initial stages. There has not been a partial distribution to creditors, there has not been a determination of any adversarial proceeding, nor has there been a Trustee's Final Report issued.

The movants have, at all times, acted in good faith in this bankruptcy proceeding. Indeed, there have not been any allegations that they have acted otherwise.

For these reasons, on behalf of the movants, Joseph and Joan Bongiorno, the undersigned respectfully requests that they be allowed to file a late Proof of Claim, and that the Proof of Claim be considered as timely filed for the purpose of the administration of the Debtor Estate, including distribution to creditors.

Respectfully submitted,
*/s/ Carol L. Knowlton*

CAROL L. KNOWLTON

CLK:cmc